UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ALEJANDRO PONCE,                                        Case No. 6:21-cv-00944-AA

            Plaintiff,                                  OPINION AND ORDER

      v.

LANE COUNTY; LANE COUNTY
ADULT CORRECTIONS,

            Defendants.

_____

AIKEN, District Judge.

      Plaintiff, an adult in custody at Lane County Adult Corrections (LCAC), filed suit in

Lane County Circuit Court alleging that defendants' negligent and discriminatory conduct

constituted retaliation and violated his due process rights. Defendants removed this action to

federal court and now move for summary judgment on plaintiff's federal claims and for

dismissal of plaintiff's state law claims. Plaintiff fails to present genuine issues of material fact to

preclude summary judgment on his federal claims, and I decline to exercise supplemental

1 -     OPINION AND ORDER

jurisdiction over his state law claims. Accordingly, defendants' motions are granted, in part. Plaintiff's federal claims are dismissed and this action is remanded to the Lane County Circuit Court.

DISCUSSION

Plaintiff is a pretrial detainee housed at LCAC pending the resolution of state criminal charges against him. Plaintiff alleges that on July 6, 2020, he slipped and fell in puddle of water in his cell at LCAC and injured his knee, ankle, and back. Plaintiff contends that the hazardous condition arose after LCAC officials failed to repair a leaky sink in a timely manner. Plaintiff further claims that his requests for medical assistance were denied until the next day and that the medical treatment he eventually received was inadequate.

Plaintiff also claims that beginning in July 2020, LCAC officials retaliated against him for filing grievances, denied several requests to use the law library, treated him differently because of his race or ethnicity, and imposed disciplinary sanctions based on insufficient evidence. Finally, plaintiff alleges that LCAC officials interfered with his right to counsel by implementing COVID-19 measures that required him to consult with his defense attorney via telephones that recorded conversations.

Construing plaintiff's allegations liberally, he alleges state law claims of negligence and federal claims of retaliation, denial of access to the courts, interference with his right to counsel, and violations of his rights to due process and equal protection. *See* 42 U.S.C. § 1983 (permitting civil actions against state and local government officials arising from the alleged deprivation of federal constitutional rights). Defendants now move for partial summary judgment on plaintiff's federal § 1983 claims and for dismissal of plaintiff's state law claims. Defendants argue that

2 -    OPINION AND ORDER

plaintiff cannot establish a violation of his federal constitutional rights and that this Court should

not exercise supplemental jurisdiction over plaintiff's negligence claims.

To prevail on their motion for summary judgment, defendants must show there is no

genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must construe

the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v.

City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

A.  First Amendment Claims

1.  Retaliation

Plaintiff alleges that defendants retaliated against him because he exercised his First

Amendment right to lodge grievances against LCAC officials. Specifically, plaintiff claims that

LCAC officials unfairly charged him with a disciplinary violation, singled him out for cell

searches, assigned him a restrictive housing classification, removed him from a mental health

treatment group, and denied him access to the law library.

Retaliation against inmates for exercising their First Amendment right to file grievances

"is itself a constitutional violation." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). To

state a viable claim of First Amendment retaliation, plaintiff must allege five basic elements: "(1)

An assertion that a state actor took some adverse action against an inmate (2) because of (3) that

prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Defendants argue

that their actions were not retaliatory and served legitimate penological purposes.

In support of their motion for summary judgment, defendants present evidence reflecting that: 1) inmates' cells are routinely searched for security purposes and plaintiff was not targeted; 2) plaintiff's housing classification was based on the seriousness of his alleged offense (murder) and his time in custody; 3) plaintiff was removed from a mental health group after committing a disciplinary infraction and he was later permitted to join another group; 4) two of plaintiff's eight requests to use the law library were denied because his requests lacked specificity; and 5) plaintiff received a disciplinary sanction for misconduct after a disciplinary hearing. *See* Cleland Decl.; Peters Decl.; Moore Decl.; Molony Decl.; Schwanke Decl. (ECF Nos. 19-22, 26). In response, plaintiff fails to prevent evidence suggesting that any specific LCAC official had knowledge of his grievances and retaliated against plaintiff because of them. *See* Pl.'s Response at 2-3, 6-8. Instead, plaintiff relies on unsupported and conclusory assertions, and it is well established that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Comty. College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

Moreover, plaintiff does not show that defendants' actions had a chilling effect on his protected conduct. Granted, a "plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm that is more than minimal." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (internal citation and quotation marks omitted). Plaintiff presents no evidence suggesting that he suffered more than minimal harm as a result of LCAC officials' alleged conduct. Accordingly, summary judgment is granted on plaintiff's retaliation claims.

### 2. Denial of Access to the Courts

Plaintiff claims that in July 2020, LCAC officials denied two request to use the law library without providing a valid reason for the denial. Defendants contend that plaintiff failed to

4 -    OPINION AND ORDER

provide a specific reason for seeking access to the library on two occasions, and once he did, his subsequent requests were granted. *See* Peters Decl. ¶ 2.

In order to state a denial of access claim, a plaintiff must allege facts giving rise to a reasonable inference that he suffered actual injury resulting from defendants' denial of his requests to use the law library. *Lewis v. Casey,* 518 U.S. 343, 348-49, 351-53 (1996); *Nevada Dep't of Corr. v. Greene,* 648 F.3d 1014, 1018 (9th Cir. 2011). In this context, actual injury means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348.

Plaintiff does not dispute defendants' assertion that he was allowed to use the library on numerous occasions, and he presents no evidence suggesting that the inability to use the law library on two occasions caused actual injury with respect to pending or contemplated litigation. Accordingly, summary judgment is granted on this claim.

B. Sixth Amendment Claim

Plaintiff claims that LCAC's policy barring in-person meetings between inmates and defense attorneys during 2020 violated his right to counsel because he was required to communicate with his attorney via telephones with recording capabilities and occasionally in the presence of other inmates.

Criminal defendants have a Sixth Amendment right to the effective assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 339-41 (1963). "The core of this right has historically been, and remains today, 'the opportunity for a defendant to consult with an attorney and have him investigate the case and prepare a defense for trial.'" *Kansas v. Ventris,* 556 U.S. 586, 590 (2009) (quoting *Michigan v. Harvey*, 494 U.S. 344, 348 (1990)). "A criminal defendant's ability to communicate candidly and confidentially with his lawyer is essential to his defense." *Nordstrom*

*v. Ryan*, 762 F.3d 903, 910 (9th Cir. 2014). Accordingly, if "the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, that interference violates the Sixth Amendment right to counsel if it substantially prejudices the criminal defendant." *Williams v. Woodford,* 384 F.3d 567, 584-85 (9th Cir. 2004).

LCAC implemented no-contact policies and other safety protocols during the COVID-19 pandemic. To facilitate continued communications between inmates and counsel, LCAC officials "closed" visiting and social phone banks and utilized those telephones for attorney-client visits and communications. *See* Moore Decl. Defendants do not dispute that the social phone banks were equipped with recording capabilities. However, defendants maintain that no LCAC official accessed plaintiff's confidential communications and that plaintiff's counsel did not request a private, in-person meeting to alleviate privacy concerns.

Plaintiff provides no evidence suggesting that LCAC officials or third parties eavesdropped on his confidential communications or accessed them in any way. Plaintiff further fails to argue or present evidence that he suffered actual prejudice to his case or defense as a result of LCAC no-contact policies and his use of the social telephone banks. Accordingly, summary judgment is appropriate on this claim.

### C.  Fourteenth Amendment Claims

#### 1.  Conditions of Confinement

Next, plaintiff contends that the hazardous condition created by the leaky sink and the inadequate medical care he received constituted deliberate indifference to his health and safety.

As a pretrial detainee at LCAC, plaintiff's rights regarding the conditions of his confinement derive from the Due Process Clause of the Fourteenth Amendment and are evaluated pursuant to an objective standard of deliberate indifference rather than the partially

subjective standard applicable to the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535

& n. 16 (1979); *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (holding that

that claims arising from the conditions of confinement "brought by pretrial detainees against

individual defendants under the Fourteenth Amendment must be evaluated under an objective

deliberate indifference standard").

> Under this standard, plaintiff must present evidence showing that:
>
> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved…; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. "With respect to the third element, the defendant's conduct must be

objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of

each particular case.'" *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)

(quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

Plaintiff presents no evidence suggesting that LCAC officials acted with deliberate

indifference to his health or safety. Plaintiff concedes that LCAC officials examined his sink

after he complained of the leak and provided medical treatment one day after his fall. Pl.'s

Response at 4-5. At most, plaintiff's allegations imply negligent conduct, and it is well

established that negligence cannot support a federal claim under § 1983. *Toguchi v. Chung*, 391

F.3d 1051, 1057 (9th Cir. 2004). Accordingly, summary judgment is granted on his deliberate

indifference claims.

### 2.  Equal Protection

Plaintiff claims that LCAC officials singled him out for mistreatment because of his race

and/or ethnicity. However, plaintiff fails to present any evidence of discriminatory animus on the

part of any particular LCAC official, such as derogatory statements or similar conduct, to suggest

that he was treated differently from similarly situated prisoners based on a protected status.

*Pierce v. Cty. of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008). Accordingly, summary judgment

is granted on this claim.

### 3.  Procedural Due Process

Finally, plaintiff alleges that he was denied his rights to procedural due process when

LCAC officials imposed disciplinary sanctions against him based on insufficient evidence.

A pretrial detainee is entitled to procedural due process protections before disciplinary

sanctions may be imposed. *Mitchell v. Dupnik*, 75 F.3d 517, 523-24 (9th Cir. 1996). Due process

requirements are met if the inmate receives: 1) advance written notice of the charges and the

evidence against him; 2) an opportunity to present documentary evidence and witnesses; 3) legal

assistance if the charges are complex or the inmate is illiterate; 4) a written statement describing

the reasons for the disciplinary action; and 5) a disciplinary decision supported by "some

evidence in the record." *Wolff v. McDonnell*, 418 U.S. 539, 563, 565-66, 570 (1974); *see also*

*Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

Plaintiff concedes that LCAC officials provided a disciplinary hearing for his alleged

misconduct, and he presents no evidence to indicate that the proceedings failed to comply with

due process requirements. Summary judgment is granted on this claim.

### B. Negligence Claims

Defendants ask that this Court decline supplemental jurisdiction over plaintiff's state law

claims and dismiss them without prejudice. Defendants contend that plaintiff's negligence claims

raise issues of state law that are best resolved by the Oregon courts.

8 -    OPINION AND ORDER

I agree that the Oregon Circuit Court is the appropriate forum for resolution of plaintiff's negligence claims, and I decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c) (providing that district courts may decline supplemental jurisdiction when no federal claims remain). However, dismissal is wholly inappropriate when plaintiff initially filed suit in state court and defendants chose to remove the case to federal court. In such circumstances, remand to state court is appropriate.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment (ECF No. 18) is GRANTED and defendants' Motion to Dismiss (ECF No. 33) is GRANTED, in part. Plaintiff's federal § 1983 claims are DISMISSED, with prejudice.

The Court declines to exercise supplemental jurisdiction over plaintiff's state law negligence claims, and this action is HEREBY REMANDED to Lane County Circuit Court.

IT IS SO ORDERED.

DATED this 2nd _ day of February, 2023.


_____/s/Ann Aiken_____
ANN AIKEN
United States District Judge

9 -    OPINION AND ORDER